**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| UNILOC USA, INC. AND UNILOC LUXEMBOURG, S.A., | § § | |
| Plaintiffs, | § § | |
| V. | § § | 1:18-CV-158-LY |
| | § | 1:18-CV-159-LY |
| APPLE INC., | § | 1:18-CV-161-LY |
| | § | 1:18-CV-163-LY |
| Defendant. | § | 1:18-CV-164-LY |
| | § | 1:18-CV-166-LY |
| | § | 1:18-CV-293-LY |

**ORDER**

Before the court are Plaintiffs' Opposed Motion for an Interim Protective Order, filed August 16, 2018 (Dkt. #41),[1] outstanding venue-discovery disputes as described in the parties' Status Report of July 18, 2018 (Dkt. #40), and related pleadings.[2] A hearing was held on the Motion and related disputes on September 11, 2018. After reviewing the Motion, the outstanding disputes, the relevant case law, as well as the entire case file, and considering the arguments made at the hearing, the undersigned issues the following Order.

**I.   BACKGROUND**

Plaintiffs filed these lawsuits against Defendant Apple Inc. ("Apple") alleging infringement of certain patents of which Defendant Uniloc Luxembourg is the owner and Uniloc USA is the exclusive licensee.[3] *See, e.g,* Dkt. #1 at 2. On May 11, 2018, the District Court entered an order staying the cases, *see* Dkt. #31, and on June 12, 2018, the stay was lifted for the

---

[1] Unless otherwise noted, this Order refers to the Clerk's Docket Numbers in Cause No. 1:18-CV-158-LY.
[2] The Motion for Protective Order and related venue discovery disputes were referred by United States District Judge Lee Yeakel to the undersigned for disposition pursuant to 28 U.S.C. § 636(b)(1)(A), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.
[3] The court notes that at the September 11, 2018 hearing, Plaintiffs' counsel represented that once the May 11, 2018 stay is lifted Plaintiffs intend to timely file a motion to amend their Complaints to add an additional plaintiff, in order to reflect the patents' current ownership and/or licensing.

limited purpose of proceeding with Apple's Motion to Transfer Venue. Dkt. #36. On July 18, 2018, the parties submitted a Status Report in which they outlined some agreements on venue discovery and six remaining disputes. Dkt. #40. Citing Apple's reluctance to produce any information unless and until the court entered a protective order, Plaintiffs filed an Opposed Motion for an Interim Protective Order. Dkt. #41.

## II.   THE MOTION FOR PROTECTIVE ORDER

Plaintiffs' proposed interim order would allow a party to designate as confidential any personal information of an employee or any other confidential or proprietary information of the party such that the information would be disclosed only to outside counsel of record for the receiving party and only be used for purposes of "these actions." Dkt. #41-1. Apple responds that an interim order is unnecessary because the parties have already spent time negotiating a protective order in related cases, an interim order is likely to be inconsistent with a future, superseding protective order in a manner that is unnecessary and confusing, and that Plaintiffs' proposed interim order is insufficient to protect Apple's confidential information. Dkt. #42 at 1. The undersigned agrees that Plaintiff's proposed interim protective order is impractical and insufficient, particularly in light of the protective order already negotiated and court-ordered in related cases.

Accordingly, Plaintiffs' Opposed Motion for Interim Protective Order (Dkt. #41) is **DENIED.** The court will separately enter a protective order closely tracking the one proposed by Apple which is already in force in the parties' related cases. *See* Dkt. #42-1. To the extent necessary, the parties may modify that Order by agreement or with court intervention at a later date. Entry of the protective order moots the Status Report's Dispute No. 6.

### III. Disputes Remaining in the Status Report

As to Dispute No. 1, Plaintiffs request that Apple prepare and provide an organizational chart for Apple's facilities and operations in the Western District of Texas as of April 9, 2018, and Apple responds that it does not maintain organizational charts for its operations and facilities in the Western District of Texas. Accordingly, Plaintiffs' request for Apple's organizational Chart is **DENIED**.

As to Dispute No. 2, Plaintiffs have requested that Apple provide "[a] list of those whose job title is engineer (by name or employee number) employed by Apple in the Western District of Texas as of April 9, 2018 specifying with reasonable particularity the department and area of technology in which each works." Dkt. #40 at 3. Apple has indicated an ability to respond to this request and provided an example of the format and available information. *Id.* at 4. Accordingly, Plaintiffs' request is **GRANTED** with the following modification. **IT IS ORDERED THAT** Apple will provide the name, employee number, job title, department name, employee type, retail indicator, home office indicator, and address for all Apple employee-engineers in the Western District of Texas in a format consistent with the example provided to the court at Dkt. #40 at 4.

As to Disputes Nos. 4 and 5, Plaintiffs have requested 21 hours of depositions of Apple as a part of venue discovery. Apple is willing to accept 7 hours of depositions of Plaintiffs if Plaintiffs accept 14 hours of depositions of Apple. Apple requests that Plaintiffs be capped at no more than three total deponents, with the parties meeting and conferring in good faith should Plaintiffs require more depositions. In its Motion to Transfer Venue (Dkt. #37), Apple identified a list of likely witnesses in this case and Apple argues that these individuals are best suited to testify about the Accused Technology (including the geographic location of its associated

employees). Dkt. #37 at 9-10. To further advance the ball, at the September 11, 2018 hearing, Apple agreed to prepare and make available for deposition an Austin-area Apple witness for venue discovery questions.

Based on these representations and after considering the arguments made at the September 11, 2018 hearing, **IT IS ORDERED THAT** Apple shall have 7 hours available for depositions of Plaintiffs and Plaintiffs shall have 17 hours for depositions of Apple. Plaintiffs shall notice no more than ten (10) individual Apple deponents for venue discovery purposes.

Finally, as to Dispute No. 3, Plaintiffs request that Apple provide "[c]opies of communications between Apple and any Texas state or local governmental entity from January 1, 2017 to April 9, 2018 sufficient to describe, in detail, the extent and nature of Apple's past, current, and planned activities in the Western District of Texas." Dkt. #40 at 5. Apple responds that this request is overbroad, irrelevant, and unclear. At the September 11, 2018, Plaintiffs were unable to point the court to any example document they believe may be responsive to this request, and the undersigned concludes that the request is therefore overbroad and unduly burdensome as set forth in the Status Report. Accordingly, Plaintiffs' request is **DENIED**. However, to the extent Apple created or caused to be created any documents for external use that provide a summary or description of Apple's organization, presence, or impact in the Western District of Texas, Apple is **ORDERED** to produce those documents created between January 1, 2017 and April 9, 2018.

In keeping with the parties' Status Report agreement, the parties are ordered to comply with this Order and to the extent they have not already done so, with their Status Report agreements contained in Dkt. #40 at 1-2, within 30 days of this Order.

SIGNED September 13, 2018.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE